Oldham, J. This was an action of replevin brought by the plaintiff's in error against the defendant in error in the circuit court of White county for the recovery of a negro boy named Bannister. Upon the application of the defendant for a change of venue the cause was removed to the circuit court of Pulaski county, in which the same was tried. Upon the trial the plaintiffs claimed title to the boy in controversy under a bill of sale executed to them by John Humph-ries, on the 25th day of March, 1843, for the boy and three other negroes, the same purporting to have been for the consideration of one thousand dollars. They proved that they paid $330 of the consideration money down and gave their note for the balance. The defendant claimed title by virtue of his purchase at a sale made by the sheriff of White county on the 15th day of April, 1845, under an execution issued from the office of the clerk of the circuit court of Pulaski county, upon a judgment recovered by the defendant against John Humphries on the 16th day of May, 1842. Upon the trial a verdict was found for the defendant. During the progress of the trial, the plaintiffs excepted to sundry rulings of the court, in admitting evidence offered by the defendant, and in rejecting evidence offered by them, and also the charge of the court to the jury. The points saved by the exceptions are assigned for error in this court. The first exception taken by the plaintiffs, was to the decision of the court overruling their motion to exclude from the jury all the testimony contained in the deposition of Milton Sanders, in relation to the acts, declarations and conduct of John Humph-ries, subsequent to the sale by him to the plaintiffs. The witness in Ms cross examination, stated that John Humphries passed his house by himself, and said that he was going to Independence county to buy corn. Witness also stated, that John Humphries and Carroll Humphries took some negroes below for sale, and when they returned, John Humphries said they sold the negroes pretty well. That when witness, who was sheriff and to whom an execution had been sent against John Humphries in favor of the defendant, went to levy on the ne-groes, Humphries claimed the right to show other property. These are the only points in the deposition to which the exceptions apply. The testimony as it stood in the deposition was certainly irrelevant, as it neither tended to establish the title of the defendant or affect that of the plaintiffs for fraud. There does not appear to be any act or conduct on the part of John Humphries inconsistent with the title of the plaintiffs, nor is there any declaration made by him having such a tendency. The second exception was taken to the witness Lindsay’s testimony, about what John Humphries did and said in relation to the negroes after the sale to the plaintiffs. This witness stated that John Humphries and Carroll Humphries carried off certain negroes and sold them; that upon the trial of the right of property, John Humphries set by with the plaintiffs, suggested questions to their counsel, and on the day of the trial, said the boy in controversy did not belong to him. There is nothing in this testimony going to show an avowal on the part of Humphries senior, inconsistent with the title set up by his sons, but rather in affirmance of it. His conduct in connexion with that of the plaintiffs in reference to the property after the sale was legitimate testimony. If by their consent, he performed acts of ownership inconsistent with the title claimed by them under him, and by their consent and concurrence, such a circumstance would be valid as tending to show the character of the transaction between them and that it was merely colorable. But nothing of that kind can reasonably be deduced from the statements of the witnesses to which exceptions were taken. The declaration made by John Humphries, that he had no title to the boy, was in favor of the plaintiffs’ title. The fact that he and Carroll Humphries carried off negroes together was a circumstance, very slight in its character, to prove that the. negroes so carried off and sold, belonged to either the one or the other. We cannot perceive upon what ground the plaintiffs objected to the execution, sheriff’s return and bill of sale to McCraw under which he claimed title, as those papers all appear to be regular, and no question as to their regularity has been made in the argument in this court. The deposition of Magness should have been excluded for want of sufficient notice, according to Reardon vs. Farrington, 2 Eng. R. The evidence of Royster should have been excluded. In the case of Gullett et ux. vs. Lamberlon, 1 Eng. R. 109, this court held that “ the title of the purchaser cannot be impaired or in anywise affected by the mere statements or admissions of the vendor in his absence.” This rule is based upon a series of authorities. The next question is, whether the court properly rejected the instructions asked by the plaintiffs. The correctness of the first instruction was decided at the last term of this court in Dodd vs. McCraw. According to the principle decided in that case, the court erred in refusing the instruction. The second instruction asked and refused was similar to the first, with this addition that the acts and declarations of John Humphries, during the time the negro was employed in the family, in relation to the negroes, are not competent evidence against the plaintiffs. This instruction was properly rejected. The acts and declarations of the vendor after the sale, in the absence of the vendee, are not competent evidence to affect the vendee’s title, but if done or made in his presence, and not disaffirmed by him, they become legal evidence, not as the mere acts or declarations of the vendor, but as indirect admissions by the vendee inconsistent with his title. The principles already decided, determine that the circuit court erred in instructing the jury that “ in considering .the question whether the sale was bona fide or fraudulent, the jury should take into consideration the acts, conduct and declarations of John Humphries subsequent to the sale to the plaintiffs — his acts, declarations and conduct in relation to the other property subsequent to the sale — -these are circumstances for the consideration of the jury; all the testimony which the court has permitted to go to the jury is competent and legitimate evidence for their consideration.” The judgment must be reversed and the cause be remanded.